UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

CASE NO.:  1:16-cv-1484

JONATHON SCOTT,

    Plaintiff,

vs.

CAMINO REAL RESTAURANT, INC.,
and RICARDO ONATE,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, JONATHON SCOTT (hereinafter, "Plaintiff"), through counsel, sues Defendant, CAMINO REAL RESTAURANT, INC. and RICARDO ONATE (hereinafter, "Defendants") and alleges the following:

**THE PARTIES**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendant's failure to pay overtime pay to Plaintiff for all time worked in excess of forty (40) hours in one or more individual workweeks.

2. Plaintiff resides in and is domiciled within this judicial district.

3. In the prior three years, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS § 105/3(d).

4. Defendants were Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §

203(d), and the IMWL, 820 ILCS § 105/3(c).

5. Defendant, CAMINO REAL RESTAURANT, INC., is an Illinois corporation with its principal place of business located within this judicial district.

6. Defendant, CAMINO REAL RESTAURANT, INC., is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. At all times material hereto, Defendant, RICARDO ONATE, was a resident of the State of Illinois and was, and now is, the managing agent, director and/or owner of Defendant, CAMINO REAL RESTAURANT, INC., said Defendant acted and acts directly in the interests of the Defendant, CAMINO REAL RESTAURANT, INC., in relation to said co-Defendant's employees. Defendant, RICARDO ONATE, effectively dominates CAMINO REAL RESTAURANT, INC., administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, Defendant, RICARDO ONATE, was an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

8. At all times material hereto, Defendants were engaged in commerce by selling food and beverages to customers, and as part of its operations, caused its employees, including Plaintiff, to handle materials and further utilized equipment and/or tools that were manufactured in other states and had moved in interstate commerce.

9. During the course of Plaintiff's employment by Defendants from on or about July 1, 2013 to on or about April 1, 2016, Plaintiff was an hourly dish washer who was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §201, *et seq*. or the minimum

wage/overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. Plaintiff routinely worked 62 hours per week and was paid in cash at a straight-time rate for all hours worked over 40 hours per week. Plaintiff never received an overtime rate for hours worked over 40 hours per week throughout the entirety of him employment with Defendants.

**JURSDICTION AND VENUE**

10. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME WAGES**

Plaintiff reavers and realleges Paragraphs 1 through 10, as if fully set forth herein.

11. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) half time overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

12. In one or more individual workweeks, Defendants did not compensate Plaintiff at a rate of one and one-half times the regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

13. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A.    A judgment in the amount of one and one-half times hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

    B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

    C.    Reasonable attorney's fees;

    D.    Costs incurred in filing this action; and

    E.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW – OVERTIME WAGES

Plaintiff reavers and realleges Paragraphs 1 through 13, as if fully set forth herein.

14. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

15. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

16. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times the regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

17. Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in one or more individual work weeks.

18. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a)

C. Reasonable attorney's fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

Dated: December 19, 2016

Respectfully submitted,

Goldberg & Loren, P.A.
James M. Loren, Esquire
1700 Park Street, Suite 103
Naperville, IL 60563
Phone:     (954) 585-4878
Facsimile: (954) 585-4886
E-Mail: JLoren@goldbergloren.com

*/s/ James M. Loren*
_____
James M. Loren, Esquire
Attorneys for Plaintiff

5