E-FILED
Tuesday, 22 August, 2017 09:34:52 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JONATHAN SCOTT,<br>    Plaintiff,<br><br>v.<br><br>CAMINO REAL RESTAURANT,<br>INC. and RICARDO ONATE,<br>    Defendants. | Case No. 1:16-cv-01484-JES-JEH |

### Report and Recommendation

On December 19, 2016, the Plaintiff filed a complaint against the Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS 105/4a. Thereafter, on June 8, 2017, Plaintiff's counsel filed a motion to withdraw (D. 15), based upon irreconcilable differences. In that motion, Plaintiff's counsel set forth an address where the Plaintiff could be reached. The Court set the motion for a hearing on June 27, 2017, and directed the Plaintiff to be personally included on the telephone call for the hearing and that his counsel provide the Court with a telephone number where the Plaintiff could be reached. On June 15, 2017, Plaintiff's counsel provided that number.

However, on June 27, 2017, the Court could reach neither Mr. Scott nor his counsel. The Court therefore reset the matter for a hearing on July 10, 2017, as well as entered an Order to Show Cause regarding counsel's failure to appear. Counsel filed a response to the Order to Show Cause on July 6, 2017, explaining that he was in fact available for the telephone conference call on June 27, 2017, but for

unknown reasons never received the call from the Court. In light of this response, the Court discharged the Order to Show Cause.

On July 10, 2017, the Court held the hearing on the motion to withdraw as counsel. The Plaintiff failed to appear for this hearing as well. Plaintiff's counsel indicated that he had emailed, telephoned, and texted Mr. Scott without any response. The Court then confirmed that the address for Mr. Scott set forth in the motion to withdraw was the most recent address Plaintiff's counsel had for him, as well as counsel's last known telephone number for Mr. Scott. The Court then set the matter for another hearing on August 7, 2017, noting in the minutes from the hearing that another failure to appear on the part of Mr. Scott may result in the dismissal of his cause for failure to prosecute. (Hearing Audio Tape, July 10, 2017, Courtroom C, 11:31). A hard copy of the minutes from that hearing was mailed conventionally to Mr. Scott, but that mailing was returned to the Court as undeliverable. The hearing was then rescheduled to August 21, 2017, notice was conventionally mailed to Mr. Scott, and that notice was also returned to the Court as undeliverable. In light of the Court's inability to contact Mr. Scott and notify him of the hearing, the Court cancelled the hearing, noting that this Order would follow.

Federal Rule of Civil Procedure 41(b) allows a Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with . . . a court order." The Plaintiff here has done both. Since at least July 10, 2017, Mr. Scott failed to communicate with both his counsel and this Court. On two occasions, he has failed to make himself available for hearings with the Court when he was ordered to be present. He was warned in the minutes from the second hearing that failure to appear may result in dismissal of his action for failure to prosecute, although that warning never reached Mr. Scott because mail is undeliverable to his last known address. Indeed, Mr. Scott is unreachable at his only known address and telephone number.

2

Accordingly, because Mr. Scott cannot be reached by the Court and has, through his failure to communicate with this Court and his previous counsel, apparently abandoned his case, the Court recommends this matter be dismissed with prejudice pursuant to Rule 41(b).

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on 8/22/2017

s/Jonathan E. Hawley
U.S. Magistrate Judge